IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIA SUAREZ-TORRES, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SANDIA, LLC., <br><br> Defendant. | CIVIL NO. 16-1882 (PAD) |

OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiffs Maria Suárez-Torres and Norberto Medina-Rodriguez initiated this action against Sandia, LLC seeking injunctive relief and compensatory and punitive damages ". . .in excess of one million dollars" under the American with Disabilities Act, 42 U.S.C. § 12181, et seq.; the Puerto Rico Civil Rights Act, Law No. 131 of May 13, 1943, as amended, P.R. Laws Ann. tit. 1 § 13; and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141 (Docket No. 1). Defendant moved for partial judgment on the pleadings with regard to Law No. 131 and Article 1802 (Docket No. 12). Plaintiffs opposed (Docket No. 13). For the reasons explained below, the motion is GRANTED.

I. BACKGROUND

As alleged in the complaint, Suarez lives in Bayamón, Puerto Rico and suffers from paraplegia since 1992 (Docket No. 1 at p. 1). Medina lives in Carolina, Puerto Rico and has a limited mobility due to a leg injury. Id. They allege that they frequent the area near the defendant's business (known as Sweet Gallery by Saudi) to shop. To that end, on February 22, 2016 and April 13, 2016, they visited defendant's shop and encountered architectural barriers in alleged violation to the ADA and the ADA's Accessibility Guidelines. Id. at pp. 2-3. They assert they did not find

María Suarez-Torres, et al. v. Sandia, LLC.
Civil No. 16-1882 (PAD)
Opinion and Order
Page 2

any parking space that was van-accessible and no accessible aisle from the parking into the defendant's facility. Id. They state they had to ". . . maneuver onto oncoming traffic to be able to access the facility." Id. And they complain about architectural barriers at counters and restrooms. Id.[1] Defendant challenges the sufficiency of the pleadings under Rule 12(c) of the Rules of Civil Procedure (Docket No. 12).

## II.   STANDARD OF REVIEW

The standard of review of a motion for judgment on the pleadings under Fed.R.Civ.P. 12(c) is the same as that for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). See, Rodriguez-Vicente v. Hogar Bella Unión, Inc., 106 F.Supp.3d 283, 285 (D.P.R. 2015)(citing Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir.2014); Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)). To survive a motion to dismiss, a complaint must allege a plausible entitlement to relief. Rodríguez-Vives v. Puerto Rico Firefighters Corps., 743 F.3d 278, 283 (1st Cir. 2014); Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013); Rodríguez-Ortiz v. Margo Caribe, 490 F.3d 92, 95 (1st Cir. 2007).

A determination of plausibility involves a context-specific task that requires courts to examine the complaint as a whole, construing well-pleaded facts in the light most favorable to plaintiff, accepting their truth, and drawing all reasonable inferences in plaintiff' favor. Foley v. Wells Fargo, 772 F.3d 63, 68 (1st Cir. 2014); García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). Dismissal is not warranted if, so measured, the allegations plausibly narrate a claim for relief. Carrero-Ojeda v. Autoridad de Energía Eléctrica, 755 F.3d 711, 717 (1st Cir. 2014).

---

[1] It is worth noting that Suárez and Medina are plaintiffs in other complaints, as testers (Docket No. 1 at ¶ 5).

### III.   DISCUSSION

A.   **Law 131.**

Defendant alleges that Law 131 claims should be dismissed because the clear language of the statute does not include disability as a covered classification (Docket No. 12 at pp. 6-9). Inspired by the principle that all men are created equal formulated in the United States' Declaration of Independence, Law 131 seeks to protect certain fundamental civil rights from discrimination in public places, businesses, means of transportation, and housing to guarantee the enjoyment of those facilities regardless of race, political and religious differences. See, Statement of Motives of Law 131(expressing legislative intent).

Subsection 1(a) of Law 131 states that no person shall be denied any access, service, and equal treatment in public places and business, and in the means of transportation because of political, religion, race, color or sex issues, or for any other reason not applicable to all persons in general. P.R. Laws Ann. tit. 1 § 13(a).  Subsection (b) makes it illegal to publish, circulate or distribute orders, announcements or advertisements to prohibit, impede or deter patronage or attendance at public places, businesses and means of transportation *because of politics, religion, race, color or sex.*  Id. at § 13(b). Subsection (c) makes it illegal to refuse to grant and option for selling, or to sell, lease or sublease a dwelling to any person *because of politics, religion, race, color or sex*.  Id. at § 13(c).  Subsection (d) prohibits the publication or circulation of advertisements, notices or any other forms of disclosure, establishing limitations or requirements regarding *political affiliation, religious ideas, race, color or sex*, as a condition for the acquisition of living quarters, or for the granting or loans for the construction of a dwelling. Id. at § 13(d). Subsection (e) provides that no natural or juridical person engaged in the business of granting loans

for the construction of dwelling may refuse to render such service to any other person or group of persons for *political, religious, racial color or sexual reasons*.  Id. at § 13(e).

From the general to the specific, the statutory progression starts with the discrete categories of race, politics and religion alluded to in the Statement of Motives, to encompass color and sex in order to ensure protection against discrimination on account of politics, religion, race, color and sex.  Disability is not one of those categories.  Plaintiffs argue that disability should nonetheless be implicitly read into the statute because civil rights statutes are construed liberally (Docket No. 13 at p. 12).  In statutory construction, each of the parts of the statute must be read together rather than in isolation to ascertain their meaning.  So read, there is no indication that the Legislature intended to include disability as a category protected by Law 131.  As stated above, neither the Statement of Motives nor the operative section of the statute specifically alludes to disability rather than to race, color, politics, and sex.

Plaintiffs state that civil rights are always evolving, and as a result, justify the result they advocate for (Docket No. 13 at p. 11).  The premise may be correct, but the conclusion is not.  Disability was known to the Legislature at the time it enacted Law 131.  On April 23, 1931, it had enacted Law 23, to promote the vocational rehabilitation of persons disabled in industry or otherwise, and their return to civil employment.  See, Laws of Puerto Rico (1931) at p. 303.  Even though it enacted Law 131 twelve years later, it did not include disability as a protected category.

On May 13, 1947, the Legislature enacted Law 414, to repeal Law No. 23 and establish a vocational rehabilitation system in Puerto Rico.  See, Laws of Puerto Rico (1947) at p. 809.  Section of Law 414 authorized vocational and rehabilitation services, training and therapy to be provided to disabled persons.  To that end, it defined "disabled" persons as any person suffering from an occupational disability, and "occupational disability" as a physical or mental condition

constituting a handicap, or which contributes, if not corrected, to hinder the occupational ability of the individual. However, the Legislature did not see fit to amend Law 131 to incorporate disability as a protected category.

On July 3, 1950, Congress enacted Public Law 600 to, among other things, authorize Puerto Rico to enact a Constitution for congressional approval. See, Pub. L. 81-600, 64 Stat. 314 (codified at 48 U.S.C. §§ 731b-731e), P.R. Laws Ann. tit. 1, Miscellaneous Provisions, P.L. 1. In 1952, a Constitution adopted by the Constitutional Convention organized in accordance with congressional authorization and approved in a referendum was presented to the President of the United States and Congress. Section 20 of Article II of the Constitution read in part that "[t]he Commonwealth … recognizes the existence of the following human rights: [t]he right of every person to social protection in the event of unemployment, sickness, old age or disability." See, P.R. Laws Ann. tit. 1, Constitution, Art. II § 20.

In 1952, Congress approved the Constitution except Section 20. See, Law No. 447 of July 3, 1952, Pub. L. 82-447, 66 Stat. 327, P.R. Laws Ann. tit. 1, Miscellaneous Provisions, P.L. 8.[2] The Constitutional Convention of Puerto Rico accepted the Congressional conditions of approval. See, P.R. Laws Ann. tit. 1, Miscellaneous Provisions, P.L. 9. Notwithstanding congressional rejection of Section 20, the Legislature did not act to amend Law 131 to incorporate disability as a protected category.

---

[2] In addition, Congress provided that Section 5 of Article II of the Constitution had to be amended to state that "[c]ompulsory attendance at elementary public schools to the extent permitted by the facilities of the state … shall not be construed as applicable to those who receive elementary education in schools established under nongovernmental auspices;" that "[a]ny amendment or revision to the Constitution shall be consistent with the congressional resolution approving the Constitution, with the applicable provisions of the Constitution of the United States, with the Puerto Rican Federal Relations Act, and with Public Law 600; and that the Constitution was to become effective when the Constitutional Convention of Puerto Rico declared in a formal resolution its acceptance in the name of the people of Puerto Rico of the conditions of approval and the Governor of Puerto Rico, having been duly notified by the proper officials of the Constitutional Convention that a resolution of acceptance was formally adopted, issued a proclamation to that effect. Id.

María Suarez-Torres, et al. v. Sandia, LLC.
Civil No. 16-1882 (PAD)
Opinion and Order
Page 6

On July 2, 1985, some forty-two years after enacting Law 131, the Puerto Rico Legislature enacted Law No. 44, P.R. Laws Ann. tit. 1 §§ 501-511b. The purpose of Law No. 44 is to prohibit discrimination against persons with disabilities; to prevent the exclusion of those persons from certain programs and activities; and to facilitate their access to physical facilities. See, Puerto Rico Joint Report of Juridical Affairs and Health and Welfare Committees of House of Representatives on Senate Bill 81, enacted as Law No. 44, at pp. 3-4 (describing statute). The Legislature followed up nineteen years later with the "Puerto Rico Bill of Rights for Persons with Disabilities," Law No. 238 of August 31, 2004, 512, and tit. 3 § 532q.

If the Legislature had intended to include disability as a protected category under Law 131, it could easily have done so. Instead, it opted to create a special regime to comprehensively deal with disability decades after enacting Law 131. Considering the text of the statute, its context, historical background and developments, the court concludes that disability does not fall within the purview of Law 131.[3] Thus, the corresponding claims must be dismissed.

B.  **Article 1802.**

Defendant contends the Article 1802 claims should be dismissed (Docket No. 12 at p. 9). Article 1802 is Puerto Rico's general tort statute. See, Hoyos v. Telecorp. Communications, 488 F.3d 1, 6-7 (1st Cir. 2007)(so characterizing Article 1802); Reyes-Feliciano v. Marshalls, 159 Fed.Supp.3d 297, 310 (D.P.R. 2016)(same). It provides that a person who "causes damages to another through fault or negligence" shall be liable in damages. P.R. Laws Ann. tit. 31 § 5141. Plaintiffs predicate the tort action on the same arguments they rely on to support their discrimination claims under the ADA and Law 238 (Docket No. 1). But they point to no set of

---

[3] Plaintiffs ask the court to certify this question to the Puerto Rico Supreme Court (Docket No. 13 at pp. 11-12). There is no reason to certify here, for plaintiffs have not referred the court to authoritative rulings in Puerto Rico reading Law 131 the way they have proposed.

facts indicative of fault or negligence instead of alleged noncompliance with obligations imposed by statutes dealing with disability. As such, Article 1802 does not serve as an independent source of potential recovery in the present context. In consequence, the tort claims must be dismissed.

### IV.    CONCLUSION

For the reasons, defendant's motion is GRANTED. Plaintiffs' claims under Law 131 and Article 1802 are DISMISSED. The parties are reminded of the deadlines set in the Case Management Order at Docket No. 11.

**SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of February, 2017.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO HERNANDEZ
U.S. DISTRICT JUDGE