# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

MARÍA SUÁREZ-TORRES, <u>et al.</u>,

    **Plaintiffs,**

    **v.**

SANDÍA, LLC,

    **Defendant.**

CIVIL NO. 16-1882 (PAD)

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is defendant's "Petition for Award of Attorney's Fees and Memorandum in Support" (Docket No. 77), which plaintiff opposed (Docket No. 81). For the reasons explained below, the motion is DENIED.

## I.     BACKGROUND

**A. Initial Developments.**

Plaintiffs María Suárez and Norberto Medina sued Sweet Gallery by Saudi under the American with Disabilities Act, 42 U.S.C. § 12181, <u>et seq.</u>; the ADA's Accessibility Guidelines; the Puerto Rico Civil Rights Act, Law No. 131 of May 13, 1943, as amended, P.R. Laws Ann. tit. 1 § 13; and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141 (Docket No. 1). The court dismissed the claims under Law No. 131 and Article 1802 (Docket No. 20), after which defendant provided plaintiffs with an expert report detailing improvements made to defendant's store. (Docket No. 57, ¶ 3).[1] To confirm that the barriers were removed, on April 5,

---

[1] Although the exact date as to when the remodeling occurred is not clear, a report dated February 27, 2017 provides enough information to determine that the remodeling indeed occurred (Docket No. 57-1). The photographs included in the report, compared with the photographs included in the complaint, show that the store underwent some changes (Docket No. 1-1). However, that the

2017, Suárez personally visited the store, but concluded that modifications to the store were inadequate. Medina, however, moved to dismiss his claims with prejudice, because as related to him, the barriers were removed (Docket No. 32). The court granted the request (Docket No. 37). In turn, defendant requested that any determination as to the propriety of costs, expenses and attorney's fees related to Medina be tolled until the final disposition of the case (Docket No. 38), which the court granted (Docket No. 50).

### B. Discovery

In the meantime, defendant moved to strike certain documents requested during discovery and never produced (Docket No. 27).[2] In response, the court ruled that "[a]t trial, plaintiff will not be allowed to use any of the requested –but not produced– evidence as part of the Interrogatories and Request for Production of documents served by the defendant" (Docket No. 51), leading Suárez to request leave to amend the complaint to include the events witnessed during her visit in 2017 (Docket No. 57), which the court denied (Docket No. 58).

### C. Status Conference

Thereafter, during a status conference defendant explained, among other things, that: (i) no barriers existed at the location; (ii) plaintiff had no evidence to prove otherwise; (iii) this was a frivolous suit involving a public figure that had been discussed in the media; and (iv) it was ready for trial but plaintiff had no evidence to prove her case. Id. Plaintiffs' attorney said the case was moot and that he was going to discuss with his clients the possibility of moving for voluntary

---

store underwent some changes does not prove that it did not meet the ADA requirements before those changes were made. See, Minutes of Proceedings at Docket No. 72.

[2] Plaintiffs responded to the motion after seeking several extensions of time (Docket No. 33), but the response was filed in error and the Clerk's Office instructed plaintiffs' attorney to resubmit separating the main document from the attachment, which he never did.

dismissal. Id. The next day, Suárez moved for voluntary dismissal (Docket No. 74).[3] In turn, defendant moved for attorney's fees (Docket No. 77), asking for an award of $27,275.00 on account of 109.10 hours worked defending the case, at an hourly rate of $250.00.

## II. DISCUSSION

As a general rule, each party is responsible for its own attorney's fees. See, Alyeska Pipeline v. Wilderness Society, 421 U.S. 240, 247 (1975)(discussing issue). Yet Congress has created several exceptions by way of fee-shifting statutes. Id. at 260. In some instances, the statutes limit the award to prevailing *plaintiffs,* whereas in others, they make awards available to prevailing *parties*. When a fee-shifting statute awards attorney's fees to a prevailing party, and the prevailing party is the plaintiff, she "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." Newman v. Piggie Park Enterprises, Inc., 390 U.S. 400, 402 (1968). However, prevailing *defendants* will only be awarded attorney's fees when the court understands that plaintiff's claim is "frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 422 (1978).

Suárez's claim is predicated on the ADA, pursuant to which "the court or agency, in its discretion, may allow the *prevailing party*, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual." 42 U.S.C. § 12205 (emphasis added). For that reason, in line with Christiansburg, the court must determine: (1) if the defendant was in fact the prevailing party, and if so, (2) whether plaintiff's claim was frivolous, unreasonable or groundless. See, Bercovitch

---

[3] Nevertheless, she filed a separate complaint against Sandía, LLC. See, Civil No. 17-1866 (FAB).

v. Baldwin School, Inc., 191 F.3d 8, 10 (1st Cir. 1999)(holding, while incorporating the Christiansburg test into the language of ADA, that attorney's fees may not be awarded to a prevailing *defendant* under the ADA unless the defendant establishes that the plaintiff's suit was totally unfounded, frivolous, or otherwise unreasonable or that the plaintiff continued the litigation after it clearly became so).

### A. Prevailing Party

To qualify as a prevailing party, a litigant must show that a material alteration of the parties' legal relationship has taken place as a result of the litigation. In addition, it must demonstrate that the alteration possesses a "*judicial imprimatur*." Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 8-9 (1st Cir. 2011)(quoting Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist, 489 U.S. 782, 792-93(1989); Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 531 U.S. 598 (2001)).

Even though an individual may be entitled to attorney's fees without having obtained a favorable judgment following a full trial on the merits, he must obtain relief based "on the merits of at least some of his claims." Race v. Toledo-Dávila, 391 F.3d 857, 859 (1st Cir. 2002). A mere change in the "status quo" does not make a party a "prevailing party." Id. at 858 (so noting while explaining that a plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties). The defendant does not reach that threshold. With the exception of the claims under Law 131 and Article 1802, the court never addressed the merits of plaintiffs' claims. To the contrary, the claims of both Suárez and Medina were dismissed after

they voluntarily moved the court to do so, because defendant voluntarily (not by court order) remodeled the store.[4]

## B. Frivolousness

If defendant were the prevailing party, it would still have to establish that plaintiffs' claim was "frivolous, unreasonable or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co., 434 U.S. at 422; Bercovitch, 191 F.3d at 11. To this end, defendant argues that plaintiffs' claims were unnecessarily pushed "until the last possible breath when it should have been evident [. . . .] [since] June 6, 2017 that the case had no future" (id. at ¶ 13), adding that plaintiffs' sole purpose was to "extort" it, even going so far as to make good on the threat by filing a new case against Sandía.

As previously explained, the court is not in a position to determine if ADA violations occurred in defendant's store or whether the claims were frivolous, unreasonable or groundless. It is true that plaintiffs waited until February 5, 2018 to move for voluntary dismissal of Suárez claims, despite knowing since at least June 1, 2017 that the evidence that defendant had requested and not received could not be presented at trial (Docket No. 71).[5] But that does not show the case was totally unfounded, frivolous or otherwise unreasonable, especially considering the lateness in light of the events surrounding Hurricanes Irma and María.

## III. CONCLUSION

In view of the foregoing, defendant's petition for award of attorney's fees is DENIED.

---

[4] That the remodeling of the store was the reason why plaintiffs dismissed their claims does not prove that violations to the ADA existed before the remodeling. Hence, plaintiffs are not prevailing parties either.

[5] As explained before, Medina moved to dismiss with prejudice all his claims when the barriers related to his claims were removed (Docket No. 32).

**SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of September, 2018.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
